**You are hereby notified to plead
to the enclosed Interrogatories
within 20 days from service
hereof or default judgment
may be entered against you.**

_____
Michael Hayes

*Attorneys for Plaintiff WDIG Mobile, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WDIG Mobile, LLC, | Civil Action |
| Plaintiff, | 2:12-mc-00061-MSG |
| v. | (Original Docket No. 11-Civ-3472 (SDNY)) |
| Digital Communication Warehouse, Inc., | |
| Defendant. | |

### INTERROGATORIES IN ATTACHMENT

**TO: Donna Cagliola (Garnishee)**

Please take notice that pursuant to Fed. R. Civ. Proc. 69 and the Pennsylvania Rule of Civil Procedure 3144, you must file with the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in a default judgment being entered against you. A copy of said answers must be served on the undersigned. *If your answer to any of the following interrogatories is affirmative, specify the amount, value, identifying account numbers, and/or the specific nature of the subject property.* If your answer depends upon the

review of any documents, account records, or other papers or electronic data, completely describe the same in exact detail (or attach a copy of the same).

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the meaning set forth below:

A. As used hereinafter, "Petitioner" or "Disney Mobile" shall mean WDIG Mobile, LLC, and any persons or entities acting on its behalf.

B. As used hereinafter, "DCW" shall mean Respondent/Judgment Debtor Digital Communication Warehouse Incorporated, and each of its parents, subsidiaries, divisions, affiliates, predecessors and successors, as well as all officers, directors, controlling persons, employees, agents and representatives, and shall include without limitation, Stuart LaCheen, Ann LaCheen, Pro Mobile Gear, It's All Wireless, Inc., and NationalActivations.com.

C. As used hereinafter, "Ms. Cagliola" "you" and "your" shall mean Donna Cagliola, her agents, partners, servants, employees, representatives, attorneys, successors and assigns, trustees, parents, children, and any persons acting on her behalf.

D. As used hereinafter, "Mrs. LaCheen" shall mean Ann LaCheen, her agents, partners, servants, employees, representatives, attorneys, successors and assigns, trustees, parents, children and any persons acting on her behalf.

E. As used hereinafter, "Mr. LaCheen" shall mean Stuart LaCheen, his agents, partners, servants, employees, representatives, attorneys, successors and assigns, trustees, parents, children and any persons acting on his behalf.

F. As used hereinafter, "Mr. Shusterman" shall mean Irving Shusterman, his agents, partners, servants, employees, representatives, attorneys, successors and assigns, trustees, children, grandchildren, and any persons acting on his behalf.

  G. As used hereinafter, "WOW" shall mean Wonders of Wireless, Inc. and each of its parents, subsidiaries, divisions, affiliates, d/b/a, predecessors and successors, as well as all officers, directors, controlling persons, employees, agents and representatives thereof and shall include without limitation all attorneys acting for WOW.

  H. As used hereinafter, "Pro Mobile" shall mean Pro Mobile Gear and each of its parents, subsidiaries, divisions, affiliates, d/b/a, predecessors and successors, as well as all officers, directors, controlling persons, employees, agents and representatives thereof and shall include without limitation all attorneys acting for Pro Mobile.

  I. As used hereinafter, "It's All Wireless" shall mean It's All Wireless Inc. and each of its parents, subsidiaries, divisions, affiliates, d/b/a, predecessors and successors, as well as all officers, directors, controlling persons, employees, agents and representatives thereof and shall include without limitation all attorneys acting for It's All Wireless.

  J. As used hereinafter, "WCB" shall mean the law firm of Williams, Cuker & Berezofsky, and its employees, members, partners, associates, agents, and representatives, including Mark R. Cuker.

  K. As used hereinafter, the "AT&T Funds" shall mean the $12 million that AT&T Mobility LLC agreed to pay DCW to settle the JAMS arbitration administered under the following caption: *Digital Communication Warehouse, Inc. v. AT&T Mobility LLC*, JAMS Reference No. 145000195 as identified in the May 14, 2012 AT&T written response to Disney Mobile's Information Subpoena.

  L. As used hereinafter, the "AT&T Jams Case" is the JAMS arbitration administered under the following caption: *Digital Communication Warehouse, Inc. v. AT&T Mobility LLC*, JAMS Reference No. 145000195.

M. As used hereinafter, the "Judgment" shall mean the Judgment, dated October 3, 2011 and entered on October 4, 2011 in this Action in the United States District Court for the Southern District of New York against DCW and in favor of Disney Mobile.

N. Unless otherwise stated herein, the time period referred to herein refers to the date on which you were served with the writ of execution and these interrogatories in attachment and all periods thereafter.

N. To the extent that any of your responses depend in whole or part on documents, account records, other papers, electronically stored information and/or data, describe each in exact detail (or attach a true and correct copy of the same).

## INTERROGATORIES

1. State whether you owe DCW any money or are you liable to DCW on any negotiable or other written instrument, or whether DCW claims that you owe it any money or are liable to it for any reason, and, if so, list in detail the amount or nature of each debt or liability, whether matured or contingent, which are owed or may be owed by you or any business entity controlled by you, to DCW or in which you have an interest, including all accounts receivable.

RESPONSE:


2. Since January 1, 2005, describe in detail your ownership interest, title and position in DCW, including your duties and compensation for each such position, and for each such position state:

      a. the dates during which you held such position in the corporation;

      b. the title, office, or directorship you held in the corporation; and

4

   c.  the salary, bonuses, dividends, or other compensation paid for each position held in each of the years such position was held.

  RESPONSE:

  3.  Identify all real or personal property ("Property") in your possession, custody or control, whether solely or jointly with one or more persons, owned directly or beneficially by DCW, or in which DCW has an interest, including any Property for which you hold legal and/or equitable title beneficially for DCW or are holding as a trustee or as a fiduciary, whether in whole or in part.

  RESPONSE:

  4.  Identify each transfer of Property from DCW or from anyone acting on DCW's behalf to you or receipt by you of Property belonging to DCW or in which DCW has either a direct or beneficial interest since January 1, 2006, and for each such transfer or receipt identify the date and amount or nature of the Property transferred or received, the reason for the transfer or receipt, the consideration given for the transfer or receipt, and the current location of the Property.

  RESPONSE:

5.      State whether all or part of the AT&T Funds were transferred to you or any member of your family, or any person or entity under your direction or control, and, if so, state the amount that was transferred, the date of the transfer, the reason for the transfer, the consideration for the transfer, the name, address and account number of the bank or other financial institution into which the transfer was made or the money was deposited, and the current location of the AT&T Funds that you have identified in response to this Interrogatory.

RESPONSE:

6.      Identify every DCW account, whether held in trust or beneficially for DCW, in which you have signatory authority, whether or not styled as a bank account, checking account, savings account, money market account, business account, personal account, payroll account, individual retirement account, tax account, lottery account, partnership account, joint or tenants by entirety account, insurance account, trust or escrow account, attorney's account or otherwise for DCW.

RESPONSE:

7. List all businesses that have employed you at any time since January 1, 2006 and/or in which you have been an officer, director, partner, member, manager, shareholder, principal, consultant or agent which have or had an office, business and/or registered address located at: (1) 484 Leverington Avenue, Philadelphia, PA; (2) 6186 Ridge Avenue, Philadelphia, PA; and/or (3) 117 Cornell Road, Bala Cynwyd, PA (collectively, "DCW's Addresses").

RESPONSE:

8. List all Property you have transferred to DCW since January 1, 2006, and for each transfer ("Transfer"), state the following:

    a. The nature of the Transfer, *e.g.,* loan, capital contribution, gift, etc.

    b. The amount transferred;

    c. The date of the Transfer;

    d. Whether DCW is indebted to you for the Transfer, and if so, provide the amount of the indebtedness, and the date on which DCW's debt matured or is to mature.

RESPONSE:

9.	Since January 1, 2006, state whether you or any entity in which you hold an interest, whether directly or beneficially, have assumed any DCW debt or liability in whole or in part, and, if so, provide the details of the assumption, including the nature and/or amount of the debt or liability, the date of the assumption; and the date on which DCW either has satisfied or is required to satisfy its obligation.

RESPONSE:

10.	State your home and business addresses.

RESPONSE:


Dated: May 25, 2012           By:    _____
                                    Michael Hayes
                                    Ryan Anderson
                                    PA Attorney ID Nos. 84985 and 200512
                                    Montgomery, McCracken,
                                      Walker & Rhoads, LLP
                                    123 South Broad Street
                                    Philadelphia, PA  19109
                                    (215) 772-7211
                                    mhayes@mmwr.com
                                    randerson@mmwr.com

                                    *Attorneys for Plaintiff WDIG Mobile, LLC*

Of Counsel:

Rachel Schwartz
Carla Sereny
Schwartz & Thomashower LLP
15 Maiden Lane, Suite 705
New York, New York 10038
(212) 227-4300
rschwartz@stllplaw.com
csereny@stllplaw.com

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WDIG Mobile, LLC, | Civil Action |
| Plaintiff, | 2"12-mc-00061-MSG |
| v. | (Original Docket No. 11-Civ-3472 (SDNY)) |
| Digital Communication Warehouse, Inc., | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I, Michael Hayes, Esquire, hereby certify that on this 25th day of May, 2012, I caused a copy of the foregoing Interrogatories in Attachment to be served by First Class U.S. Mail, postage prepaid upon the following:

Digital Communication Warehouse, Inc.

at

117 Cornell Road
Bala Cynwyd, PA  19004

and

6188 Ridge Avenue
Philadelphia, PA  19128

and

484 Leverington Avenue
Philadelphia, PA 19128